IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEPHANIE ROSS,

      Petitioner,

v.                                  Case No. 4:15cv427-RH/CAS

TAMMY JONES, WARDEN,

      Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On or about August 31, 2015, Petitioner Stephanie Ross, a federal prisoner represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On November 30, 2015, Respondent filed an answer, with exhibits. ECF No. 8. Petitioner has filed a reply. ECF No. 9. Respondent filed a response to the reply. ECF No. 12.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes that this petition should be denied.

## Background

Petitioner Stephanie Ross, an inmate at the Federal Correctional Institution (FCI) in Tallahassee, Florida, filed this § 2241 petition challenging the computation of her federal sentence. ECF No. 1. In particular, in her § 2241 petition, Ross asserts the BOP has not properly calculated her sentence and she seeks credit on her federal sentence for time she spent serving her Georgia state sentence. *Id*.

On January 16, 2009, Ross was arrested by Georgia state authorities. ECF No. 8 at 2; ECF No. 8-1 at 2 (Declaration of Grace Woods-Coleman). On June 26, 2009, she was borrowed from Georgia state custody by the U.S. Marshals Service (USMS) pursuant to a writ of habeas corpus ad prosequendum. ECF No. 8 at 2; ECF No. 8-1 at 2. On August 6, 2009, in the United States District Court for the Southern District of Georgia, Savannah Division, case number 4:09cr143-WTM/GRS, Ross entered a guilty plea to charges of bank fraud, in violation of 18 U.S.C. § 1344, and aggravated identity theft, in violation of 18 U.S.C. § 1028A, Counts 11 and 23, respectively, of the indictment. ECF No. 8 at 2; *see* United States v. Ross, No. 4:09cr143-WTM/GRS, ECF No. 21 (Plea

Agreement). Counts 1 through 10 and 12 through 22 were thereafter dismissed on the motion of the United States, in accordance with the plea agreement. <u>United States v. Ross</u>, No. 4:09cr143-WTM/GRS, ECF Nos. 21, 22 (Judgment) (Dec. 18, 2009). The federal court sentenced her on December 17, 2009, to a total of 70 months in prison; the judgment did not indicate how the sentence should be served with regard to any other sentence. ECF No. 8 at 2; ECF No. 8-1 at 2; <u>United States v. Ross</u>, No. 4:09cr143-WTM/GRS, ECF No. 22. The USMS returned Ross to Georgia state custody that same day. ECF No. 8 at 2; ECF No. 8-1 at 2. Ross did not appeal or file a § 2255 motion.

On January 8, 2010, Ross was sentenced in Georgia state court to 5 years in prison for a felony forgery conviction. ECF No. 8 at 2; ECF No. 8-1 at 2. Ross received credit on her state sentence for all prior custody from January 16, 2009, through January 8, 2010. ECF No. 8 at 2; ECF No. 8-1 at 2. On January 15, 2014, Ross completed her Georgia state sentence and she was transferred to federal custody to begin serving her federal sentence. ECF No. 8 at 2-3; ECF No. 8-1 at 2.

The Federal Bureau of Prisons (BOP) calculated Ross's federal

sentence as consecutive to her state sentence and thus commenced her federal sentence on January 15, 2014, in accordance with 18 U.S.C. § 3585(a).  ECF No. 8 at 3; ECF No. 8-1 at 2.  The BOP reviewed Ross's case in accordance with Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>, and the factors in 18 U.S.C. § 3621(b), to determine whether a retroactive concurrent *nunc pro tunc* designation would be appropriate.  ECF No. 8 at 3; ECF No. 8-1 at 2-3. On April 24, 2015, a letter was sent to the sentencing court to obtain the court's position on the issue.  ECF No. 8 at 3; ECF No. 8-1 at 3.  In a letter dated May 29, 2015, the U.S. Probation Office advised the BOP that the sentencing judge "does not recommend that Ross be awarded credit toward her federal sentence for the time that Ross spent in custody that was credited toward any other sentence."  ECF No. 8 at 3; ECF No. 8-1 at 3.  After reviewing Ross's case using the factors in 18 U.S.C. § 3621(b), the BOP concluded a retroactive concurrent *nunc pro tunc* designation would not be appropriate.  ECF No. 8 at 3; ECF No. 8-1 at 3.

    As indicated above, Ross filed this § 2241 petition on August 31, 2015.  ECF No. 1.  She states she wants the BOP "to properly apply the

time [she] served in state custody to [her] federal sentence, find [her] federal sentence to be completely served, and release [her] immediately from federal custody." *Id.* at 8. She indicates she exhausted her administrative remedies. *Id.* at 3.

Respondent filed an answer, with attachments. ECF No. 8. Respondent asserts Ross is not entitled to credit for her time in state custody because Georgia credited her all of that time, the BOP properly calculated Ross's sentence and denied nunc pro tunc designation, and the BOP's computation is entitled to deference. *Id.* at 4-8.

Ross filed a reply. ECF No. 9. She points out that her Georgia state sentence, imposed after the federal sentence, "was based upon the exact same offenses as was the 70 month federal sentence." *Id.* at 2. She cites section 5G1.3(C) of the Federal Sentencing Guidelines and asserts the BOP's conclusion that her state and federal sentences were to be served consecutively is not in accordance with federal law. *Id.* at 2-3. She explains that her order of sentencing is within the meaning of section 5G1.3(C) and "[t]he exact same offenses that were charged against Petitioner, and of which Petitioner was ultimately convicted, were the basis

for both the federal and state sentences," and therefore she satisfies the requirements for concurrent sentencing. *Id*. at 3-4. She also cites <u>Setser v. United States</u>, 132 S. Ct. 1463 (2012), and argues "[t]he spirit of the ruling in <u>Setser</u> is that it is improper for a federal authority, such as the BOP, to ignore the clearly indicated wish of a separate sovereign, such as the state, when the federal authority is silent or unclear on a disputed matter." *Id*. at 5. She indicates her state sentence specifically directs that it is "to be concurrent to 'any sentence now serving including her federal sentence.'" *Id*. She asserts that because the state court was the last sentencing sovereign, it would be the proper court to advise the BOP as to how her sentences should be served. *Id*. at 6. She asserts that "[i]f the federal sentencing judge had wanted Petitioner's federal sentence to run consecutive to the anticipated state sentence, he would have been within his authority to order as such at Petitioner's sentencing; however, he chose not to do so." *Id*. at 6-7.

Respondent filed a reply to Petitioner's reply. ECF No. 12; *see* ECF Nos. 10, 11. Respondent points out that Petitioner "erroneously relies upon the current version of the Sentencing Guidelines, rather than the 2009

version that was effective when she was sentenced" and explains that the 2009 version of section 5G1.3(c) provides that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." ECF No. 12 at 1-2. Respondent explains the current version of section 5G1.3(c), cited by Petitioner, was not in effect at the time of Petitioner's sentencing and does not apply to her case. Id. at 2. Because the federal sentencing court did not determine that a concurrent federal sentence was necessary in Petitioner's case, the BOP has properly computed her federal sentence as consecutive to her state sentence. Id. Respondent further asserts that Petitioner has misconstrued the Setser case. Id. at 2-3. Respondent explains that here, consistent with the latitude provided to federal courts by Setser, the BOP contacted the federal sentencing court for clarification and the BOP complied with the sentencing court's response. Id. at 3. Given the federal court was initially silent on whether the sentence was consecutive or concurrent, Petitioner should have known that, pursuant to 18 U.S.C.

§ 3584(a), her sentences would run consecutively as that statute provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Id.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. See United States v. Hayman, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title

28. *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.   *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).   Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention.   *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and

withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In this case, Ross's § 2241 petition challenges the execution of her sentence, specifically the BOP's calculation of her sentence and denial of his request for credit for the time she spent in state custody. ECF No. 1. The U.S. Attorney General, acting through the BOP, administers a federal defendant's sentence and initially has the exclusive authority to determine when a federal sentence commences and compute sentence credit awards after sentencing. 18 U.S.C. §§ 3585(a), 3621(b); United States v. Wilson, 503 U.S. 329, 335 (1992); Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995). A federal sentence begins on the date the defendant is received in custody at the official detention facility designated by the BOP. 18 U.S.C. § 3585(a). Although the BOP must consider a prisoner's request for concurrent service of sentences, the BOP is not obligated to grant such a request as it falls within the BOP's discretion. See, e.g., Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990); McCarthy v. Doe, 146 F.3d 118, 122 (2d Cir. 1998); see also, e.g., Pritchett v. United States, No. 3:10cv422-RV/CJK, 2012 WL 2568094, at *3 (N.D. Fla. May 25, 2012).

After a petitioner exhausts administrative remedies with the BOP, the district court may review the constitutionality of the BOP's decision and statutory construction. See Rodriguez, 60 F.3d at 747. "[I]f congressional purpose is clear, then interpreting courts and administrative agencies 'must give effect to the unambiguously expressed intent of Congress.'" Id. (quoting Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984)). If the statutory provision is silent or ambiguous, the court must defer to the agency's reasonable interpretation unless the interpretation is "'arbitrary, capricious, or manifestly contrary to the statute.'" Id. (quoting Chevron, 467 U.S. at 844).

"The standard of review of the BOP's actions in denying [a] petitioner's request for *nunc pro tunc* designation is limited to determining whether the BOP abused its substantial discretion." Pritchett, 2012 WL 2568094 at *3 (citing Fagans v. United States, 506 F.3d 1101, 1103 (8th Cir. 2007); Espinoza v. Sabol, 558 F.3d 83 (1st Cir. 2009); McCarthy, 146 F.3d at 123). As explained by the court in Pritchett:

> To guide the exercise of its discretion, the BOP promulgated Program Statement 5160.05 in January of 2003. The Program Statement (hereinafter "PS 5160.05") is entitled "Designation of State Institution for Service of Federal

> Sentence."   PS 5160.05 authorizes BOP Regional Directors to act on an inmate's request for *nunc pro tunc* designation of a state institution as the place to serve the inmate's federal sentence.   Paragraph 8 declares that such a designation "will be made only when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system."   The Program Statement further provides, in paragraph 9(b): "Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent."   The court's intent may be discerned by (1) the federal sentencing court's order on the Judgment and Commitment Order, (2) the federal sentencing court's recommendation of non-federal confinement on the Judgment and Commitment Order, (3) the federal sentencing court's order, after imposition of sentence, of concurrent service of the federal sentence, (4) the federal sentencing court's indication that it has no objection to the inmate's request for a *nunc pro tunc* concurrent designation, or (5) the federal sentencing court's indication that it has no objection to the state's request that the federal and state sentences be served concurrently.

*Id.*

Petitioner Ross is not entitled to relief in this case.   A federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."   18 U.S.C. § 3585(a).   In addition, as relevant to Petitioner Ross, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run

concurrently." 18 U.S.C. § 3584(a).   Further,

> **Credit for prior custody**. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

*Id.* § 3585(b) (emphasis added).

Here, Petitioner Ross was received in federal custody on January 15, 2014, and thus began serving her federal sentence on that day.   During the time period for which she seeks credit on her federal sentence, she was in the custody of Georgia state authorities, serving her state sentence, and 18 U.S.C. § 3584(a) and Program Statement 5880.28 preclude application of credit for time that has been credited against another sentence.   *See, e.g.,* Butler v. Warden, FCC Coleman- Medium, 451 F. App'x 811 (11th Cir. 2011) (explaining that "when the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum*, the

state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence"); Scruggs v. Adkinson, 423 F. App'x 858 (11th Cir. 2011) ("Because the language of § 3585(b) is clear, we must give effect to the unambiguously expressed intent of Congress to prevent a defendant from receiving a prior custody credit for time that has been credited against another sentence.").

Respondent attaches the Declaration of Grace Woods-Coleman, Management Analyst, Designation and Sentence Computation Center, Federal BOP, dated November 23, 2015. ECF No. 8-1. Woods-Coleman explains that she audited the sentence computation for Ross and the "audit revealed that Petitioner's sentence computation has been completed in accordance with federal statute and BOP policy." Id. at 1. In addition to setting forth Ross's sentencing and incarceration history, Woods-Coleman explains:

> 8. On January 15, 2014, Petitioner completed her state sentence and transferred to federal custody to commence service of her federal 70-month sentence. The federal sentencing court did not order Petitioner's federal sentence to run concurrent with the yet to be imposed state sentence; therefore, the Bureau calculated the federal sentence as

consecutive to the state sentence, and the sentence commenced on January 15, 2014, in accordance with Title 18 U.S.C. § 3585(a).

*Id.* at 2. Woods-Coleman further explains the BOP considered whether

*nunc pro tunc* designation would be appropriate:

> 9. The Bureau reviewed the merits of Petitioner's case in accordance with the Bureau of Prisons Program Statement 5160.05, Designation of State Institutions for Service of Federal Sentence, and the factors provided in Title 18 U.S.C. § 3621(b), to determine if a retroactive concurrent Nunc Pro Tunc designation would be appropriate.
>
> 10. On April 24, 2015, a letter was sent to the sentencing court. The letter solicited the position of the Court as it pertains to retroactively designating the state institution for the service of the federal sentence.
>
> 11. In correspondence dated May 29, 2015, the United States Probation Office advised the Bureau that the sentencing judge "does not recommend that Ross be awarded credit toward her federal sentence for the time that Ross spent in custody that was credited toward any other sentence."
>
> 12. After reviewing Petitioner's case under the relevant factors detailed in Title 18 U.S.C. § 3621(b), the Bureau determined that a retroactive concurrent designation would not be appropriate.
>
> 13. Petitioner's sentence has been computed in accordance with the above cited federal statutes and Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).

*Id.* at 2-3.

Petitioner Ross's federal sentence did not specify whether it was to run concurrent or consecutive to her subsequent state sentence. As explained above and by Respondent, in such circumstances, her federal sentence is consecutive. Further, the federal sentencing court has since stated, through the U.S. Probation Office, its opposition to awarding Ross credit on her federal sentence for time spent serving her state sentence.

Ross's reliance on Setser is misplaced as, in that case, the U.S. Supreme Court held that a federal court has the discretion to order a federal sentence run consecutively to an anticipated state sentence. Setser v. United States, 132 S. Ct. 1463, 1473 (2012). In Setser, the Court explained, among other things, "In our American system of dual sovereignty, each sovereign – whether the Federal Government or a State – is responsible for 'the administration of [its own] criminal justice syste[m].'" Id. at 1471. More specifically, "[i]f a prisoner like Setser starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government – whether the district court or the Bureau of Prisons – that decides whether he will receive credit for the time served in state custody." Id.; see, e.g., Davis v. Warden, FCC Coleman-Medium, No. 15-13072, 2016 WL 6777318 (11th Cir. Nov. 16,

2016) (affirming denial of § 2241 petition, which sought credit for time served in state custody, citing <u>Setser</u>, and explaining, among other things, that "[e]ven though the state court informed the federal authorities that they could take custody of Davis prior to the expiration of his Dixie County sentence based on the Dixie County court's determination that the state sentence would run concurrently with the federal sentence, the state has no authority to order commencement of a federal sentence").

Based on the foregoing, Petitioner Ross has not shown the BOP abused its discretion in ruling on her request for sentence credit or *nunc pro tunc* designation. This § 2241 petition should be denied.

## Conclusion

It is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 3, 2017.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**