# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

STEPHANIE ROSS,

        Petitioner,

v.                                CASE NO.  4:15cv427-RH/CAS

TAMMY JONES, WARDEN,

        Respondent.

_____/

## <u>ORDER DENYING THE PETITION</u>

This case presents the recurring issue of whether successive federal and state sentences should be served consecutively or concurrently. *See generally Setser v. United States*, 566 U.S. 231 (2012). The Bureau of Prisons has made the petitioner Stephanie Ross's sentences consecutive. She challenges that decision by petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 13, and the further filings by both sides, ECF Nos. 16 and 17. I have reviewed the issues de novo.

Ms. Ross pleaded guilty in the Southern District of Georgia to one count of bank fraud and one count of aggravated identity theft. The court sentenced her to 70 months in the Bureau of Prisons. The presentence report indicated that there

were pending state charges. But at least as shown by this record, the court did not address the question whether the 70-month federal sentence should be served concurrently with or consecutively to any later-imposed state sentence.

Ms. Ross later entered into a plea agreement in state court under which she was sentenced to 60 months to be served concurrently with the federal sentence. The record shows that the most significant state charges arose from "relevant conduct" within the meaning of the United States Sentencing Guidelines Manual. *See* Presentence Report, ECF No. 17-3, at ¶ 58 ("These [pending state] charges are related to the instant offense conduct."). But one state charge was possession of marijuana—an offense that apparently did *not* constitute relevant conduct and that was *not* taken into account in determining the guideline range under the United States Sentencing Guidelines.

Because state authorities had arrested Ms. Ross first, she served her state sentence in a state facility. Upon completion of the state sentence, she was transferred to the Bureau of Prisons. Following its standard procedure, the Bureau asked the federal sentencing judge's opinion on whether the state facility should be retroactively designated for service of the federal sentence, thus making the sentences effectively concurrent. *See Barden v. Keohane*, 921 F.2d 476 (3d Cir.1990); *Irish v. Augustine*, No. 5:11cv141-RH (N.D. Fla. Dec. 9, 2011) (granting a writ of habeas corpus because the Bureau's decision not to make a

retroactive designation of a state facility was an abuse of discretion); *Richardson v. United States*, No. 4:02cv298-RH/WCS, 2005 WL 2406039 (N.D. Fla. Sept. 29, 2005).

The Bureau received a response from the federal sentencing judge, conveyed through a probation officer, indicating that the judge "does not recommend that Ross be awarded credit toward her federal sentence for the time that Ross spent in custody that was credited toward any other sentence." ECF No. 8-1 at 3. The Bureau reasonably interpreted this as the judge's recommendation not to make a retroactive designation of the state facility.

When I first reviewed the report and recommendation, the record did not show that the Bureau provided the judge the pertinent information: first, whether Ms. Ross's state sentence was imposed for relevant conduct within the meaning of United States Sentencing Guidelines Manual ("*Guidelines Manual*") § 1B1.3; and second, that Ms. Ross pleaded guilty in state court based on a plea agreement calling for a concurrent sentence. I entered an order noting the absence of information in the record on these points. In response, the government filed materials showing that the judge had the pertinent information and nonetheless did not recommend that the sentences be made concurrent.

Ms. Ross asserts the issue should be controlled by the state court's decision to make the sentences concurrent, not by any decision of the federal court or the

Bureau of Prisons to make the sentences consecutive. But the law is to the contrary. The decision whether to make the federal sentence consecutive or concurrent with the state sentence is a federal decision. *See generally Setser v. United States*, 566 U.S. 231 (2012). The state court's ruling is not controlling.

Ms. Ross also says that under *Guidelines Manual* § 5G1.3(c), the federal court was required to make the sentences concurrent. This is indeed what § 5G1.3(c) provides, at least as to that part of the state sentence arising from "relevant conduct." But this does not entitle Ms. Ross to relief on this § 2241 petition.

This is so for three reasons. First, the state sentence arose in part—though probably only a very small part—from possession of marijuana, an offense that apparently was not relevant conduct. Under *Guidelines Manual* § 5G1.3(d), a federal sentence may be made consecutive to or concurrent with a state sentence that does not arise from relevant conduct. Second, the *Guidelines Manual* is advisory, not mandatory; a sentencing court must consider but need not adhere to the *Guidelines Manual*. *See United States v. Booker*, 543 U.S. 220 (2005). Third, any collateral attack based on an error in application of the *Guidelines Manual* at the time of sentencing must be brought in the sentencing court under 28 U.S.C. § 2255, not in the district of incarceration under § 2241.

Two other contentions also may properly be pursued, if at all, only in the district of conviction. First, Ms. Ross's response to the report and recommendation criticizes her attorney's handling of this issue at the time of the federal sentencing. Any claim that the attorney rendered ineffective assistance at that time could properly be raised, if at all, in a § 2255 motion in the sentencing court. Second, any request for the sentencing court to reconsider its recommendation against concurrent sentences would properly be directed to the court that made the recommendation.

The question on this § 2241 petition is whether the Bureau of Prisons abused its discretion by accepting the sentencing court's recommendation rather than rejecting that recommendation on grounds including its own after-the-fact assessment of what the sentencing court should have done at the time of sentencing under *Guidelines Manual* § 5G1.3. Accepting the sentencing court's recommendation was not an abuse of discretion.

For these reasons,

IT IS ORDERED:

The petition for relief under 28 U.S.C. § 2241 is denied. The clerk must enter judgment in close the file.

SO ORDERED on May 5, 2017.

<div style="margin-left:40%">

s/Robert L. Hinkle
United States District Judge

</div>